UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | 1:08-cr-116-08 SEB-KPF |
| vs.      ) | |
| ) | |
| LEONARDO LARES,      ) | |
| ) | |
| Defendant.      ) | |

**ORDER GRANTING DE NOVO REVIEW OF DETENTION ORDER
BY MAGISTRATE JUDGE
AND
DENYING RELEASE FROM CUSTODY PENDING TRIAL**
(Docket No. 183)

Defendant, Leonardo Lares, by counsel, requests that the Court conduct a de novo review of the Magistrate Judge's order of pretrial detention and enter an order allowing Defendant to be released awaiting trial. The Court has before it and has reviewed the August 21, 2008, Entry of the Magistrate Judge ordering pretrial detention, as well as the motion of Defendant, the response by the Government, the Defendant's reply, and the accompanying exhibits. In addition, the Pretrial Services Report has been reviewed. On this basis, the Court has conducted the requested de novo review.

Being duly advised, the Court concludes that no condition or combination of conditions imposed on the Defendant as terms of his release would overcome the unacceptably high risk that he would flee or pose a danger to safety of the community. Accordingly, the request for release from custody pending trial is DENIED.

The Court adopts and incorporates herein, without repetition, the explication and application of the statutes and case law laid out in the Magistrate Judge's opinion. The legal foundations for the Court's consideration of the issues before us and the controlling legal principles are correctly stated therein.

The charge in the Indictment against the Defendant carries with it the statutory penalty of a mandatory minimum sentence of 10 years and a maximum of life imprisonment, which creates, pursuant to Section 3142(e) of Title 18, United States Code, a rebuttable presumption that there is no condition or combination of conditions of release which will reasonably assure the safety of the community or that the defendant will not be a serious risk to flee if released.

Defendant produced evidence at the initial bond hearing in an effort to overcome that presumption, including the fact that he currently resides in Lafayette, Indiana, with his wife and two children, that he has been for five years the self-employed owner and operator of a Western-wear store located in that city, and that he owns his home and another rental property which could be posted as security on any bond. He recently became a naturalized United States citizen, but has parents, who are permanent legal residents of the United States, currently live in Mexico, which is also the place of Defendant's birth and prior residence. He has five siblings most of whom reside in the United States. His criminal history consists of two, somewhat dated misdemeanor arrests, but no convictions. No additional evidence beyond that originally submitted by Defendant's proffer has been cited by Defendant in conjunction with this request for de novo review.

The Government notes that Defendant is one of sixteen defendants named in the charged conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, that a portion of the evidence gathered by the Government consists of wiretapped conversations among

the defendants and that the case against these defendants is deemed by them to be strong. In addition, the Government reports that at the time of Defendant's arrest (August 1, 2008) a search was conducted at his Lafayette residence which yielded $31,000 in cash and two handguns.

The Pretrial Services Report indicates that the defendant is regularly treated for depression and panic attacks and has a history of alcohol and cocaine use. Defendant last traveled to Mexico on July 31, 2008. His financial situation is precarious in that he has greater expenses than he does income.

A preponderance of evidence clearly establishes that Defendant could, with little or no difficulty, flee to another state or to Mexico, if released from custody and he chose to do so, based on his familiarity with that country and the fact that his parents currently reside there. This conclusion is buttressed by the fact that he most recently traveled there a mere two months ago. He also has an extensive network of contacts, based on the fact that he has been indicted with 15 other persons, who could facilitate both his flight and his hiding from authorities. Given the serious penalties he would face upon conviction of the pending charges, he has a strong incentive to attempt to avoid prosecution altogether, not to mention punishment.

The clear and convincing evidence establishes that Defendant, if released, also poses a danger to the community, based on the presence of firearms at his residence which were discovered at the time of the search, the number of co-defendants in the Indictment against him who could provide a network of people to allow him to re-enter or continue drug dealing in order to get money to support the costs of his defense and/or to support his family, if he were to be convicted and away from them for a substantial period of time. Obviously, he could also be enticed to return to drug dealing, if he were inclined to do so, in order to supply his own drug use, if he resumed that practice.

The Court does not view the fact of Defendant's business ties or his family ties as sufficient to overcome his desire or opportunity to flee or pose a danger to the community, though we concede that they could represent some level of restraint on him, just not enough under the circumstances.

Given the nature and circumstances of the offense of which the Defendant stands charged and the fact that the crime alleged involves a sizeable quantity of narcotic drug as well as a large amount of United States currency and firearms, which point to the commission of the offense of distribution of drugs; and given the weight of the evidence against the Defendant which is by all measures strong; given the history and characteristics of the Defendant, the most troublesome of which is the fact that his family resides in Mexico, making it a ready destination if Defendant were to attempt to flee the jurisdiction of this court; and given the nature and seriousness of the danger to the community should Defendant be released due to the large amount of money available to him and his familiarity with and prior possession of firearms, Defendant's continued detention is altogether appropriate.

Accordingly, the Motion to Review (and set aside) the Detention Order is hereby DENIED.

IT IS SO ORDERED.

Date: __10/02/2008__

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Josh J. Minkler
UNITED STATES ATTORNEY'S OFFICE
josh.minkler@usdoj.gov

Gal Pissetzky
PISSETZKY & BERLINER
gpissetzky@pbzlawfirm.com